UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COPIERS NORTHWEST,<br><br>  Plaintiff,<br><br>  v.<br><br>SCOTT JOHNSON,<br><br>  Defendant. | CASE NO. C16-1441JLR<br><br>ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO TRANSFER |

## I.   INTRODUCTION

Before the court are: (1) Plaintiff Copiers Northwest, Inc.'s ("Copiers Northwest") motion to remand and request for costs and fees (Pl.'s Mot. (Dkt. # 4)) and (2) Defendant Scott Johnson's motion to transfer venue (Def.'s Mot. (Dkt. # 6)). The court has considered the motions, all submissions filed in support thereof and opposition thereto, the balance of the record, and the applicable law. Being fully advised,[1] the court

---

[1] Mr. Johnson requested oral argument on his motion to transfer. (*See* Def.'s Mot. at 1.) The court, however, declines his request because oral argument would not be helpful to the court's disposition of the motion. Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided . . . without oral argument.").

ORDER - 1

GRANTS Copiers Northwest's motion, DENIES Copiers Northwest's request for costs and fees, and DENIES Mr. Johnson's motion to transfer.

## II.   BACKGROUND

Copiers Northwest is a Washington corporation with its principal office in Seattle, Washington. (Edelson Decl. (Dkt. # 7) ¶ 3, Ex. 2 at 1.)[2] Defendant Mr. Johnson is an Oregon resident who was employed by Copiers Northwest in Oregon from January, 2010, until August, 2016. (Johnson Decl. (Dkt. # 10) ¶¶ 2-5; Edelson Decl. ¶ 3, Ex. 2 at 1-2.)

On January 25, 2010, Mr. Johnson signed Copiers Northwest's Employment Offer and Agreement with Non-Solicitation Covenant. (Johnson Decl. ¶ 5.) The agreement prevents Mr. Johnson from soliciting Copiers Northwest's customers or recruiting Copiers Northwest's employees following either party's termination of the employment agreement. (Edelson Decl. ¶ 3, Ex. 2 at 7-9.)[3] The agreement also contains a forum selection clause that specifies the King County Superior Court in the State of Washington as the venue for "any proceedings for injunctive relief or for enforcement of this Agreement . . . ." (*Id.* at 9.) Mr. Johnson did not prepare or modify the agreement. (Johnson Decl. ¶ 5.)

Mr. Johnson performed the majority of his work for Copiers Northwest in Oregon, his customers were in Oregon, and at all relevant times he resided in Beaverton, Oregon.

---

[2] Exhibit 2 contains the complaint Copiers Northwest filed in King County Superior Court on CM/ECF pages 1-4.

[3] Exhibit 2 contains a copy of the employment agreement as an attachment to Copiers Northwest's complaint on CM/ECF pages 6-11.

1  (*Id.* ¶ 2-3.)  On or about August 1, 2016, Mr. Johnson left Copiers Northwest to work for
2  a competitor.  (Edelson Decl. ¶ 3, Ex. 2 at 2.)

3  On August 10, 2016, Copiers Northwest filed a suit in the King County Superior
4  Court to enforce Mr. Johnson's employment agreement.  (*Id.* at 1.)  On September 12,
5  2016, Mr. Johnson removed Copiers Northwest's suit to federal court pursuant to 28
6  U.S.C. § 1332(a).  (Notice (Dkt. # 1) ¶ 3.)  Copiers Northwest filed a motion on
7  September 15, 2016, to remand the action back to King County Superior Court pursuant
8  to the parties' forum selection clause.  (Pl.'s Mot. at 1.)  Mr. Johnson filed a motion to
9  transfer the removed case to Oregon to consolidate the suit with one he had previously
10 filed on August 1, 2016, in the United States District Court for the District of Oregon,
11 Portland Division.  (Def.'s Mot. at 2; Edelson Decl. ¶ 2, Ex. 1.)  Mr. Johnson's suit in
12 Oregon seeks to enjoin enforcement of the non-solicitation clause of his employment
13 agreement and to recover unpaid wages.  (Edelson Decl. ¶ 2, Ex. 1.)

14                                    **III.   ANALYSIS**

15 The parties dispute the validity of the forum selection clause in Mr. Johnson's
16 employment agreement and whether the clause governs this dispute.  (Def.'s Reply (Dkt.
17 # 17) at 4.)  Because settled law establishes that the forum selection clause of Mr.
18 Johnson's employment agreement is enforceable and controls this dispute, the court
19 remands the case to King County Superior Court.  The court's remand renders Mr.
20 Johnson's motion for transfer moot, and the court declines to award Copiers Northwest
21 attorney fees and costs because controlling Ninth Circuit authority forecloses such an
22 award where the court's remand is based on a contractual forum selection clause.

**A. Copiers Northwest's Motion to Remand**

1. The Validity of the Forum Selection Clause

The forum selection clause contained in the employment agreement is valid and controls this dispute. Federal law governs the enforceability of a forum selection clause. *Peterson v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013) (citing *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988)). A forum selection clauses is prima facie valid and should not be set aside unless the party challenging enforcement can show that the clause is unreasonable under the circumstances. *Redwood Hill Farm & Creamery, Inc. v. Barry-Wehmiller Design Grp., Inc.*, Case No. 16-cv-03200-JST, 2016 WL 4710194, at *1 (N.D. Cal. Sept. 6, 2016) (citing *Pelleport Inv'rs, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 279 (9th Cir. 1984)). A forum selection clause is unreasonable under the circumstances if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is "so gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived of its day in court"; or (3) enforcement of the forum selection clause would contravene a strong public policy of the forum in which the suit was brought. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-18 (1972) ("*The Bremen*"); *see also Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1029-30 (9th Cir. 2016) (applying *The Bremen* factors).

Mr. Johnson argues that the forum selection clause implicates all three of *The Bremen* factors. He argues that (1) because he was not on equal footing in negotiating

with Copiers Northwest, and because he did not receive sufficient notice of the clause,[4] the forum selection clause is a result of undue influence and overweening bargaining power; (2) litigation in Washington would effectively deprive him of his day in court because of this court's inability to compel unwilling Oregon-based witnesses to testify; and (3) Oregon's interest in applying its own laws to Oregon-based employment disputes demonstrates a strong public policy in favor of litigating in Oregon. (Resp. at 5-7.)

Unequal bargaining power does not render a forum selection clause unenforceable. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991) (holding that a forum selection clause printed on a ticket for a cruise was valid). The Ninth Circuit has acknowledged that an employee has more bargaining power in an employment agreement than a consumer has in a contract of adhesion printed on a ticket such as the one addressed in *Carnival Cruise Lines*. *Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 866-67 (9th Cir. 1991) (enforcing a valid forum selection clause in an employment agreement where the employee signed the agreement 25 years after he had already begun working for the employer and reasoning that "there is nothing in the case law . . . to suggest that a different analysis applies to forum selection clauses in employment contracts than generally applies to commercial contracts."); *see also Meyer v. Howmedica Osteonics Corp.*, No. 14CV2496 AJB (NLS), 2015 WL 728631, at *1, 12 (S.D. Cal. Feb. 19, 2015) (applying *The Bremen* framework to a forum selection clause in

---

[4] Mr. Johnson claims he did not receive sufficient notice of the clause because Copiers Northwest did not inform him of the contents of the employment agreement in a written employment offer at least two weeks before the first day of his employment. (Johnson Decl. ¶¶ 4-5.) He was, however, aware of the contents of the employment agreement before he signed it. (*See* Johnson Decl. ¶ 5.)

an employment contract, reasoning that the framework accounts for power differentials between the employer and the employee).

Further, although a party must receive notice of the forum selection clause for it to be enforceable, sufficient notice exists where a party is notified of the clause when he or she still has the opportunity to "[reject] the contract with impunity." *Carnival Cruise Lines*, 499 U.S. at 594-95; *see also Spradlin*, 926 F.2d at 866-67. Although Copiers Northwest did not present the forum selection clause to Mr. Johnson until after he had left his previous employer and begun work at Copiers Northwest, Mr. Johnson had the opportunity to reject the contract when he signed it. (Johnson Decl. ¶ 5.) Similarly, in *Meyer*, the court enforced a forum selection clause that the plaintiff employee signed after she began working for the defendant employer. *Meyer*, 2015 WL 728631, at *1, 12. In *Sarmiento*, the court enforced a forum selection clause that the plaintiff employee signed nineteen years after his employment began because "[t]he opportunity to read a clearly identified and intelligible forum selection clause before accepting the contract provides sufficient notice to plaintiff." *Sarmiento v. BMG Entm't*, 326 F. Supp. 2d 1108, 1109, 1112 (C.D. Cal. 2003) (citing *Roberson v. Norwegian Cruise Line*, 897 F. Supp. 1285, 1289 (C.D. Cal. 1995)). Based on the foregoing authorities, the court concludes that Mr. Johnson thus received sufficient notice of the forum selection clause and the clause is not invalid due to unequal bargaining power.

Copiers Northwest further argues that the inconvenience Mr. Johnson will suffer from litigating in Seattle, Washington, as opposed to Portland, Oregon, will not effectively deprive Mr. Johnson of his day in court. (Pl.'s Reply at 3-4.) Federal courts

have upheld forum selection clauses requiring litigation in far more distant forums, such as England, Germany, and Mexico. *See, e.g.*, *The Bremen*, 407 U.S. at 17-18 (validating a forum selection clause requiring a suit that had been brought in Florida to be litigated in England); *Adema Tech., Inc. v. Wacker Chem. Corp.*, 657 Fed. App'x 661, 662-63 (9th Cir. 2016) (enforcing a forum selection clause that gave Munich exclusive jurisdiction for "legal relations between the parties"); *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (holding that a party's fear of persecution for returning to Mexico was "of no matter" in determining reasonableness of the parties' forum selection clause). Additionally, where a forum selection clause is otherwise valid, parties waive the right to challenge the selected forum for reasons of convenience for themselves or for their witnesses. *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. Of Tex.*, --- U.S. ---, 134 S. Ct. 568, 579 (2013). Finally, Mr. Johnson has failed to demonstrate that his possible need to subpoena witnesses who reside in Oregon would effectively deprive him of his day in court. *United States ex rel. Purcell P & C, LLC v. TolTest Inc.*, No. C12-5234 BHS, 2012 WL 2871787, at *7 (W.D. Wash. July 12, 2012) (holding that the plaintiff did not meet its heavy burden showing that a forum selection clause specifying Ohio as the appropriate forum would effectively deprive it of its day in court where most of the witnesses resided in Washington); *RFG Corp. v. Audio Data Video Enter., LLC*, No. CV F 08-1395 LJO GSA, 2008 WL 5001382, at *5 (E.D. Cal. Nov. 24, 2008) (validating a forum selection clause that specified venue in Colorado, despite the difficulty of "having to subpoena a large number of witnesses who reside" in California because the plaintiff merely offered "general statements of inconvenience short on

specifics."). The inconvenience Mr. Johnson will suffer litigating in King County is thus insufficient to invalidate the forum selection clause.

In addition, Copiers Northwest correctly identifies that Mr. Johnson's argument in favor of Oregon's policy interests rests on choice of law doctrine, not a venue argument. (Pl.'s Reply at 4.) Mr. Johnson has not submitted any evidence that indicates that Washington courts cannot adequately interpret and apply Oregon law. *See, e.g.*, *Fields v. Legacy Health Sys.*, 413 F.3d 943, 951 (9th Cir. 2005) (citing *Rice v. Dow Chem. Co.*, 875 P.3d 1213, 1216 (Wash. 1994)). Although a district court may consider public interest factors, "the practical result is that forum selection clauses should control except in unusual cases." *Atl. Marine*, 134 S. Ct. at 582. Furthermore, Copiers Northwest persuasively argues that Oregon's public policy favors the enforcement of forum selection clauses. (Pl.'s Reply at 6 (citing *Munson v. Valley Energy Inv. Fund, U.S., LP*, 333 P.3d 1102, 1114 (Or. Ct. App. 2014) ("In Oregon, where a court concludes that the parties have a valid and enforceable agreement to litigate the action in a different venue, the court must dismiss the action . . . .")).)

Finally, the parties dispute whether, even if the forum selection clause is valid, it is controlling in this dispute. A forum selection clause governs a dispute if the claims require the court to analyze the agreement in order to decide them. *Underground Elephant, Inc., v. Ins. Zebra*, Case No. 16CV2215-GPC(NLS), 2016 WL 6962869, at *3 (S.D. Cal. Nov. 29, 2016) (citing *In re Orange, S.A.*, 818 F.3d 956, 963 (9th Cir. 2016)); *see also Manetti-Farrow*, 858 F.2d at 514 ("Whether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the

contract."). Copiers Northwest's suit seeks to enforce Mr. Johnson's employment agreement, specifically its anti-solicitation and anti-recruitment provisions. (Edelson Decl. ¶ 3, Ex. 2 at 2-3, 7-9.) Resolution of that dispute will require the court to analyze Mr. Johnson's employment agreement. Accordingly, the forum selection clause thus controls in this dispute.

2. Removal

Removal of this case to federal court on diversity grounds was improper due to the valid governing forum selection clause. Mr. Johnson argues that a forum selection clause cannot render the venue granted by federal statute "improper." (Resp. at 7 (citing *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 534 (6th Cir. 2002)).)

Exclusive and mandatory language indicating an agreed-upon venue in a forum selection clause is controlling where a case might otherwise be properly removed. *See Universal Green Sols., LLC v. VII Pac Shores Inv'rs, LLC*, No. C-12-05613-RMW, 2013 WL 1402968, at *4 (N.D. Cal. Apr. 5, 2013) (citing *Hunt Wesson Foods Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77-78 (9th Cir. 1987)). In *Hunt Wesson*, the contractual language at issue stated "[t]he courts of California, County of Orange, *shall have jurisdiction* over the parties in any action at law relating to the subject matter or the interpretation of this contract." *Hunt Wesson*, 817 F.2d at 76 (italics added). The language "shall have jurisdiction" did not grant *exclusive* jurisdiction to the Superior Court for Orange County; rather, the language represented an agreement that jurisdiction in that court was permissible. *Id.* at 77. By contrast, "when a forum selection clause uses mandatory language like 'will' or 'shall' in conjunction with a choice of '*venue*,' the clause is not

permissive." *Merrell v. Renier*, No. C06-404JLR, 2006 WL 1587414, at *2 (W.D. Wash. June 6, 2006) (citing *Docksider Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989)) (italics added).

Here, the language in the forum selection clause specifies exclusive and mandatory venue in King County Superior Court. It uses the mandatory language "shall" in conjunction with a choice of venue. (Edelson Decl. ¶ 3, Ex. 2 at 9.) The clause states "[a]ny proceeding for injunctive relief or enforcement of this Agreement *shall be brought* in the Superior Court for King County, State of Washington . . . ." (*Id.*) The parties not only consented to jurisdiction in King County Superior Court, but agreed that disputes "shall be brought" in that court. (*Id.*) The exclusivity of the agreed-upon forum renders venue in this court improper.

For these reasons, the court remands this dispute to King County Superior Court.

### B. Mr. Johnson's Motion To Transfer

A remand order ends a federal court's jurisdiction. *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (citing *Pelleport Inv'rs*, 741 F.2d at 279). Because the court's decision to remand this case strips the court of jurisdiction, the court denies Mr. Johnson's motion to transfer as moot.

### C. Copiers Northwest's Request for Costs and Fees

The parties disagree about whether Copiers Northwest is entitled to attorney fees and costs for the remand of this case. "An order granting a motion to remand may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (2012). Relying on *Ferrari, Alvarez,*

*Olsen & Ottoboni v. Homes Ins. Co.*, 940 F.2d 550, 555 (9th Cir. 1991), Mr. Johnson argues that attorney fees and costs are not permissible on a motion to remand that the court grants due to a forum selection clause. (Resp. at 8.)[5] In *Ferrari*, the Ninth Circuit stated that a party is not entitled to recover costs and fees pursuant to Section 1447(c) where "the remand order [i]s based on enforcement of [a] venue agreement, [and] not on [S]ection 1447(c)." 940 F.2d at 555.

Copiers Northwest argues that 28 U.S.C. § 1447(c) allows attorney fees and costs when a case is remanded "for any defect other than lack of subject matter jurisdiction." (Pl.'s Reply at 9.) Copiers Northwest contends that a remand based on a forum selection clause is such a defect. (*Id.*) Copiers Northwest attempts to distinguish *Ferrari* by arguing that Congress has since amended 28 U.S.C. § 1447(c) in a way that allows courts to award costs and fees based on remands made pursuant to valid forum selection clauses. (Pl.'s Reply at 9.)

Congress amended 28 U.S.C. § 1447(c) by striking "any defect *in removal procedure*" and inserting "any defect *other than lack of subject matter jurisdiction*" in 1996, after *Ferrari* was decided. Act of Oct. 1, 1996, 104 Pub. L. No. 219, § 1, 110 Stat. 3022 (codified as amended at 28 U.S.C. § 1447(c) (1994 & Supp. II 1996)) (italics added). The statutory language currently reads:

//

---

[5] Mr. Johnson further argues that, absent unusual circumstances, attorney fees should not be awarded under 28 U.S.C. § 1447 when the removing party has an objectively reasonable basis for removal. (Resp. at 9 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)).) The court need not reach this argument, however, because the court resolves the issue based on its interpretation of 28 U.S.C. § 1447(c).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c) (2012). Despite this change in the statutory language, however, the Ninth Circuit subsequently reaffirmed that a remand granted based on a valid forum selection clause is not a "defect" under Section 1447(c). *Kamm v. ITEX Corp.*, 568 F.3d 752, 757 (9th Cir. 2009) (holding that the plaintiff could bring a motion to remand based on a valid forum selection clause past the 30-day statutory deadline provided in 28 U.S.C. § 1447(c)).[6] Because the Ninth Circuit has interpreted Section 1447(c) as not encompassing remand orders based on forum selection clauses, the court declines to award attorney fees and costs to Copiers Northwest under that provision. *See also 909 Geary St., LLC v. Admiral Ins. Co.*, No. C 01-4374 JL, 2002 WL 253946, at *3 (N.D. Cal. Feb. 8, 2002) ("[T]his court declines to award attorney's fees and costs to Plaintiff because remand is ordered pursuant to the service of suit provision [which waived

---

[6] Copiers Northwest cites *Babe Winkleman* to support its interpretation of the amended 28 U.S.C. § 1447(c). *Babe Winkleman Prod., Inc. v. Sports Design & Dev., Inc.*, No. Civ. 05-2971 DWF/RLE, 2006 WL 980821, at *3-4 (D. Minn. Apr. 7, 2006), *vacated in part on other grounds by Babe Winkleman Prod., Inc. v. Sports Design and Dev., Inc.*, No. Civ. 05-2971 (DWF/RLE), 2006 WL 2590635, at *2 (D. Minn. June 22, 2006). The court reasoned that a remand resulting from a forum selection clause was a "defect other than lack of subject matter jurisdiction" under the amended 28 U.S.C. § 1447(c) and thus, the court could award costs and fees for such a remand. *Id.* Although this reasoning may be persuasive, it is precluded by the Ninth Circuit's holding in *Kamm* that a remand based on a valid forum selection clause is not a "'defect' within the meaning of § 1447(c) . . . ." *Kamm*, 568 F.3d at 757 (quoting 28 U.S.C § 1447(c) (2006)).

Defendant's right to seek removal] rather than 28 U.S.C. § 1447(c)."). Thus, this court declines to award Copiers Northwest costs and fees under 28 U.S.C. § 1447(c) and denies Copiers Northwest's request.

## IV. CONCLUSION

Based on the foregoing, the court GRANTS Copiers Northwest's motion to remand this case to King County Superior Court (Dkt. # 4), but DENIES its request for costs and fees (Dkt # 4), and DENIES Mr. Johnson's motion to transfer venue (Dkt. # 6).

Dated this 31st day of January, 2017.

JAMES L. ROBART
United States District Judge